

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2008

# USA v. Bruce James Roberts

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2796

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Bruce James Roberts" (2008). *2008 Decisions.* Paper 290.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/290

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-12                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2796

_____

UNITED STATES OF AMERICA

v.

BRUCE JAMES ROBERTS,
                                                Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 95-cr-00225-2)
District Judge: Honorable Katharine S. Hayden

_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
October 17, 2008

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

(Opinion filed: October 31, 2008)

_____

OPINION

_____

PER CURIAM

    Appellant Bruce Roberts, a federal prisoner, was found guilty following a jury trial

in United States District Court for the District of New Jersey of conspiring to commit

bank robbery in violation of 18 U.S.C. § 371 and bank robbery in violation of 18 U.S.C. § 2113(a). On February 12, 1996, he was sentenced as a career offender to a term of imprisonment of 210 months and fined $5,000.00. We affirmed the judgment on October 9, 1996 in United States v. Roberts, No. 96-5142, and the United States Supreme Court thereafter denied certiorari. On February 28, 1998, Roberts filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which the sentencing court denied on the merits. On March 10, 1999, we denied Roberts' request for a certificate of appealability in United States v. Roberts, No. 98-6388.

On August 27, 2004, Roberts filed a motion in his criminal case, seeking modification of his sentence under 18 U.S.C. § 3582(c)(2) on the basis of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). In addition to docketing this motion in Roberts' criminal case, the District Court Clerk's Office opened a new civil case, Roberts v. United States, D.C. Civ. No. 04-05045. In the civil case, the section 3582(c)(2) motion was docketed as a section 2255 motion. On September 7, 2007, Roberts filed a motion in his criminal case pursuant to Fed. R. Crim. Pro. 52(b), in which he contended that he was indigent and "the delegation of an installment plan to the Bureau of Prisons" to collect his fine was improper. See generally United States v. Corley, 500 F.3d 210 (3d Cir. 2007) (restitution order which delegates to BOP how defendant will pay improperly delegates judicial function). Again, this Rule 52(b) motion was docketed by the District Court Clerk's Office in both Roberts' criminal and civil

cases.

On December 31, 2007, in the civil case, the District Court dismissed both the section 3582(c)(2) and Rule 52(b) applications for relief for lack of jurisdiction, reasoning that they were unauthorized second or successive section 2255 motions. The court noted further that Blakely and United States v. Booker, 543 U.S. 220 (2005), had not been made retroactive to cases on collateral review. See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), In re: Olopade, 403 F.3d 159 (3d Cir. 2005). Roberts did not file a timely notice of appeal of this decision in either his civil or his criminal case.

On March 24, 2008, Roberts filed a petition for writ of mandamus in the instant criminal case, seeking disposition of his section 3582(c)(2) and Rule 52(b) motions. (It was dated March 12, 2008.) In an order entered on April 15, 2008, the District Court denied the mandamus petition as moot on the ground that these motions had been disposed of by its December 31, 2007 Order in the civil case, Roberts v. United States, D.C. Civ. No. 04-05045. The court attached a copy of the December 31, 2007 order to this April 15, 2008 order.

On June 18, 2008, Roberts filed a motion seeking permission to appeal the April 15 order denying his mandamus petition. This same item also was docketed as a Notice of Appeal. The District Court subsequently granted Roberts permission to appeal.[1]

_____

[1] Roberts' appeal was timely even without permission to appeal insofar as his motion indicated an intent to appeal, see Fed. R. App. Pro. 3, and was mailed from the prison on June 12, 2008, see Fed. R. App. Pro. 4(a)(1)(B)(providing for 60-day appeal period when

3

Our Clerk notified Roberts by letter that this appeal was subject to summary disposition under Third Cir. LAR 27.4 and I.O.P. 10.6. Roberts was invited to submit argument in writing, but he has not done so.

We will summarily affirm the order of the District Court denying Roberts' petition for writ of mandamus as moot. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. We have jurisdiction under 28 U.S.C. § 1291. Although we review the discretionary elements of a District Court's denial of a writ of mandamus for abuse of discretion, see Stehney v. Perry, 101 F.3d 925, 929 (3d Cir. 1996), our review over the non-discretionary elements, including the question of mootness, is plenary, id.; Ruocchio v. United Transp. Union, Local 60, 181 F.3d 376, 382 n.8 (3d Cir. 1999).

In his mandamus petition, Roberts sought disposition of his section 3582(c)(2) and Rule 52(b) motions for relief. These motions, which had been filed simultaneously in his civil case, were disposed of by the District Court on December 31, 2007. The court's previous action in disposing of the motions in his civil case forestalled any occasion for it to provide meaningful mandamus relief in his criminal case, see Artway v. Attorney General of New Jersey, 81 F.3d 1235, 1246 (3d Cir. 1996), and it thus properly denied Roberts' mandamus petition as moot.

---

United States is a party); Rule 4(c)(1) (inmate's notice of appeal timely when deposited in prison's mail system on or before last day for filing).

For the foregoing reasons, we will summarily affirm the order of the District Court denying Roberts' petition for writ of mandamus as moot.